UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAROLD G. AUSTIN, | : |
| Petitioner | : CIVIL ACTION NO. 3:14-CV-01303 |
| vs. | : (Petition Filed 7/8/14) |
| WARDEN DONNA ZICKEFOOSE, | : |
| | : (Judge Caputo) |
| Respondent | : |

**MEMORANDUM**

On July 8, 2014, Petitioner, Harold G. Austin, an inmate at the Allenwood United States Penitentiary, White Deer, Pennsylvania,[1] filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges a judgment of conviction and sentence of 22 years to life for felony murder reimposed on September 18, 2009, by the Superior of Court of the District of Columbia. (Doc. 1)  On July 18, 2014, Austin paid the $5.00 filing fee. On August 28, 2014, the court issued an order directing service of Austin's petition on the Respondent and the United States Attorney for the Middle District of Pennsylvania. (Doc. 10)  On September 17, 2014, the United States Attorney filed a response to Austin's petition. (Doc. 11)  The matter became ripe for disposition on September 29, 2014, when Austin filed a traverse. (Doc. 12).

This was the second time that Austin filed in this district a petition for writ of habeas under §2241. The first petition was summarily dismissed by this court because the

_____

[1] Austin is presently confined at the Federal Correctional Institution, Fairton, New Jersey.

procedure to challenge a conviction and sentence imposed by the District of Columbia Superior Court set forth at D.C. Code § 23-110 was not inadequate or ineffective to test the legality of Austin's sentence.[2]   The issue in the second petition again was whether the procedure to challenge a conviction and sentence imposed by the District of Columbia Superior Court set forth at D.C. Code  § 23-110 was Austin's avenue for testing the legality of the sentence which was reimposed in 2009.  By memorandum and order of August 17, 2015, the court dismissed Austin's petition. (Doc. 14)

On August 31, 2015, Austin filed a motion for reconsideration but failed to file a supporting brief.[3] (Doc. 15) On September 1, 2015, Respondent filed a brief in opposition. (Doc. 16)   On March 14, 2016, Austin filed a document entitled "Addendum to Motion for Reconsideration." (Doc. 17)   The motion reconsideration is, therefore, ripe for disposition and for the reasons set forth below the motion will be denied.

**Background**

On June 10, 1980 Austin was indicted by grand jury in the District of Columbia along with two codefendants of multiple offenses, including the following: (1) first degree (intentional) premeditated murder; (2) first degree (felony) murder during the course of a kidnapping; and (3) first degree (felony) murder during the course of a robbery.   Austin along with his two codefendants was tried by a jury in the Superior Court of the District of

---

[2] See Austin v. Miner, Civil No. 3:6-CV-0294, 2006 WL 128430 (M.D.Pa. May 9, 2006) aff'd No. 06-3082, 235 Fed. Appx. 48, 2007 WL 1512016 (3d Cir. (Pa) May 24, 2007).

[3] Local Rule 7.10 states in relevant part "[a]ny motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned."

Columbia in March, 1981.[4] At that trial evidence was introduced that established Austin and his codefendants stole an automobile and drove it to a gas station. While at the gas station Austin and one of the codefendants left the car and attempted to rob at gunpoint William Bell, an employee of the gas station.  When Bell resisted, Austin and his codefendants forced Bell into the vehicle and drove off with the owner of the gas station pursuing them. Bell at some point was pushed out of the vehicle and as Bell was running away he was shot and killed by Samuel L. Byrd, one of the codefendants.[5]  A jury found Austin and his codefendants guilty of all of the offenses charged, except one count of assault with a dangerous weapon.  On March 14, 1981, Austin received an aggregate sentenced of 24 years to life imprisonment. Austin then filed a direct appeal to the District of Columbia Court of Appeals which affirmed his judgment of sentence in or about 1983. (Doc. 1, at 3)

In January of 1991, Austin filed with the District of Columbia Superior Court a

---

[4]Austin was charged under the 1973 District of Columbia version of the murder statute (which encompassed intentional (malice) and felony murder) codified at D.C. Code §§ 22-2401.  The murder statute is currently codified at D.C. Code § 22-2101.  In addition to the three counts of murder, Austin was charged with kidnapping while armed, armed robbery, four counts of assault with a dangerous weapon, grand larceny, unauthorized use of a vehicle, and carrying a pistol without a license.  Prior to the jury trial one count of assault with a dangerous weapon was dismissed.

[5]The facts relating to the crime are gleaned from Byrd v. United States, 500 A.2d 1376 (D.C. Ct.App 1985),  an opinion referred to by the Court of Appeals for the Third Circuit when affirming this court's dismissal of Austin's first § 2241 habeas petition. The District of Columbia Court of Appeals in Byrd held that the Double Jeopardy Clause prohibits multiple convictions for the "same offense" even if the sentences are concurrent. 500 A.2d at 1381-1382 and 1384. The court held that an individual could not receive multiple sentences, even if concurrent, for first degree intentional, premeditated murder and first degree felony murder for a single incident involving one victim.  Id.  Furthermore, the court noted that "proof of deliberate and premeditated malice and proof of killing in the course of the enumerated felonies are but alternate modes of proor" of the statutory offense of first-degree murder. Id.

3

motion to vacate his conviction and sentence pursuant to D.C. Code § 23-110.  Austin claimed, *inter alia*, that the indictment was defective because it charged him with three counts of first degree murder arising from the death of only one individual, and that multiple punishments for the same offense violated the Double Jeopardy Clause. In 1993, the Superior Court in light of the decision of the District of Columbia Court of Appeals in Byrd agreed with Austin to the extent it vacated the two felony murder convictions but  left intact the conviction for first degree premeditated murder and reduced the sentence to 22 years to life imprisonment.  All other claims raised by Austin were denied.  Austin unsuccessfully pursued an appeal to the District of Columbia Court of Appeals and then filed a petition for certiorari with the United States Supreme Court which was denied.

On February 9, 2006, Austin filed with this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Austin argued that an intervening change in the law had radically altered the legal landscape relative to his conviction.  Specifically, he claimed that the District of Columbia Court of Appeals in Wilson-Bey v. United States, 903 A.2d 818 (D.C.Ct. App. 2006) had invalidated the case law on which his remaining first degree premeditated (malice) murder conviction was based.  This court summarily dismissed that petition because Austin had failed to show that his remedy under D.C. Code § 23-110 was "inadequate or ineffective to test the legality of [his] detention or sentence[.]" Austin v. Miner, Civil No. 3:6-CV-0294, 2006 WL 128430, slip op. *2 (M.D.Pa. May 9, 2006).

The Court of Appeals for this circuit in affirming this court's dismissal of Austin's first § 2241 habeas petition "acknowledge[d] the potential seriousness of Austin's argument that an intervening change in the law ha[d] undermined the basis for his only remaining convictions.  The Court of Appeals, however, reasoned that Austin still had an

4

opportunity under D.C. Code § 23-110 to have his claim addressed by the Superior Court of the District of Columbia. The Court of Appeals explained that

> even assuming that the Wilson-Bey decision applies to his case such that the absence of a remedy would work an injustice, we do not believe that it is necessary for him to resort to habeas corpus [citation omitted]. We do not agree that Austin has no remedies in the District of Columbia. His argument that D.C. Code § 23-110 is inadequate or ineffective is based on an assumption that successive motions of the kind he would need to bring are prohibited, just as they would be under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and 28 U.S.C. § 2255.
>
> Such is not the case, however, in the District of Columbia. In rejecting the appellant's contention that his habeas corpus petition had been improperly converted to a motion to vacate sentence under D.C. Code § 23-110, the District of Columbia Court of Appeals recently noted in Graham v. United States, 895 A.2d 305 (D.C.Ct.App. 2006), that AEDPA's gatekeeping requirements "apply only to motions filed under section 2255 and not to motions under our local statute, D.C. Code § 23-110. As the government explains in its brief, 'AEDPA applies to successive motions filed pursuant to the federal statute,' whereas section 23-110 'does not contain such stringent statutory requirements that limit a prisoner's ability to bring a second or successive motion." Id. at 306.
>
> \*    \*    \*    \*    \*    \*    \*
>
> Accordingly, like the District Court, we find no extraordinary basis for asserting habeas jurisdiction. [footnote omitted] Our decision is without prejudice to any second motion to vacate sentence under D.C. Code § 23-110 Austin may file in the District of Columbia Superior Court, raising the same grounds for relief that were raised in his habeas corpus petition and Informal Brief.

Austin v. Miner, 235 Fed. Appx. at 50-51.

After this court summarily dismissed Austin's §2241 habeas petition and before the Third Circuit Court of Appeals affirmed that decision, Austin filed in April, 2007, another § 23-110 petition in the District of Columbia Superior Court. In response to that petition, the government conceded that Austin's first degree premeditated (malice) murder

5

conviction was "constitutionally flawed" and should be vacated but argued that Austin should be resentenced on one of the felony murder convictions. The Superior Court agreed with that position. It vacated the premeditated murder conviction, reinstated a first degree felony murder conviction and on September 18, 2009, reimposed the sentence of 22 years to life imprisonment. Austin appealed that decision to the District of Columbia Court of Appeals arguing that reinstating his felony murder conviction violated the Double Jeopardy Clause and denied him due process. On August 16, 2012, the District of Columbia Court of Appeals issued an opinion affirming the decision of the Superior Court in which it stated in part as follows:

> As the government pithily states, the Double Jeopardy Clause does not prohibit "reinstating a conviction vacated solely on Double Jeopardy Clause grounds after the Double Jeopardy Clause objection was removed." In substituting appellant's previously vacated felony-murder conviction for his flawed premeditated-murder conviction, [the sentencing judge] followed this court's explicit guidance in *Byrd.* There we directed that "[i]f the unvacated murder conviction is subjected later to a successful collateral attack, the trial court should consider favorably a governmental motion to reinstate the vacated murder conviction." That is exactly what [the sentencing judge] did here. The reinstatement did not expose appellant to more than one first-degree murder conviction for the same killing, nor did it increase appellant's sentence in any other respect. It therefor did not violate the Double Jeopardy Clause's prohibition of multiple punishments for the same offense. Contrary to appellant's arguments, the Double Jeopardy Clause did not bar separate guilty verdicts (as opposed to judgments of conviction or sentences) on both felony murder and premeditated murder; indeed, because those are not mutually exclusive ways of committing first-degree murder, Byrd specifically approved separate verdicts on each theory. And appellant is simply mistaken in asserting that [the sentencing judge] "impliedly acquitted" him of felony murder (or found that the evidence did not support the jury's guilty verdicts on the felony-murder counts) when the judge vacated his felony-murder convictions to avoid the imposition of multiple punishments. In sum, the Double Jeopardy Clause protects appellant against multiple punishments for the same offense; it does not prevent him from being punished at all.
>
> Appellant likewise was not denied due process by the reinstatement

> of his conviction for felony murder. The constitutional defect in the aiding and abetting instruction that necessitated reversal of appellant's conviction for premeditated murder [in accordance with Wilson-Bey] did not taint his felony-murder conviction.

Doc. 2, at 45-46, Memorandum Opinion and Judgement attached to Austin's Brief. The District of Columbia Court of Appeals further noted that under Wilson-Bey (the alleged intervening change in the law asserted by Austin) it was not error to give the aiding and abetting instruction (also referred to in the record as the "natural and probable consequence" instruction) with respect to the felony murder charge based on an enumerated felony because an intent to kill does not need to be proved for a defendant to be convicted on such a charge. Id., n.9  Austin was denied rehearing or rehearing en banc by the District of Columbia Court of Appeals and his petition to the United States Supreme Court for a writ of certiorari was denied. Id. at 47-48, Order of the District of Columbia Court of Appeals and Letter from the Supreme Court denying petition for writ of certiorari.

**Discussion**

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Massachusetts Mutual Life Insurance Co. v. Maitland, Civil No. 87-0827 (M.D. Pa. March 1, 1989) (Rambo, J.). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of

law or fact or to prevent manifest injustice.  Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  Continental Casualty Co. v. Diversified Indus. Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995).

It is well-established that a collateral challenge to a District of Columbia offender's conviction or sentence is to be brought pursuant to D.C. Code. § 23-110 and filed in the Superior Court of the District of Columbia.  Swain v. Pressley, 430 U.S. 372, 375 (1977).  Specifically, § 23-110(a) provides the following remedy:

> (a) A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

Thus, prisoners serving sentences imposed by the Superior Court must file motions challenging their sentence in that court; federal courts are generally without jurisdiction to entertain motions to vacate, set aside, or correct a sentence imposed by the District of Columbia Superior Court.  Swain, 430 U.S. at 377-78.  D.C. Code § 23-110 further states that District of Columbia prisoners are precluded from bringing habeas claims in federal court unless the local remedy is inadequate or ineffective.  See Swain, 430 U.S. at 377-78; Garris

v. Lindsay, 794 F.2d 722, 725 (D.C.Cir. 1986). Specifically, that provision states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g).

Section 23-110 is not inadequate or ineffective simply because the inmate is prevented from using the remedy multiple times to litigate or re-litigate a claim or because the relief sought was denied. Wilson v. Office of the Chairperson, 892 F.Supp 277, 280 (D.D.C. 1995); Perkins v. Henderson, 881 F.Supp. 55, 60 n.5 (D.D.C. 1995); Garris v. Lindsay, 794 F.2d 722, 727 (D.C.Cir. 1986). "The determination of whether the remedy available to a prisoner under § 23-110 is inadequate or ineffective hinges on the same considerations enabling federal prisoners to seek habeas review. 28 U.S.C. § 2255 and D.C. Code § 23-110 are coextensive. A petitioner may not complain that the remedies provided him by D.C. Code § 23-110 are inadequate merely because he was unsuccessful when he invoked them. 'It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative.' Garris, 794 F.2d at 727; see also David v. Briggs, Civ.A.No. 90-2731, 1991 WL 21563, at *3 (D.D.C. Feb. 14, 1991)('[T]he focus is on the efficacy of the remedy itself, and a federal court will therefore have jurisdiction only in extraordinary cases, especially given the similarity between the D.C. and federal habeas remedies.')."

In the second § 2241 habeas petition, Austin again claimed that he was denied due process when he was re-sentenced on one of the felony murder convictions in

9

2009 and that the remedy under D.C. Code § 23-110 is inadequate and ineffective because of an intervening change in the law. However, the only intervening change in the law referenced by him is the Wilson-Bey decision of the District of Columbia Court of Appeals which was issued in 2006.

It is apparent from the record that Austin has, on at least two occasions, sought relief via § 23-110 and his efforts have proved unsuccessful. The mere fact, however, that Austin's requested relief has been repeatedly denied does not indicate that the § 23-110 remedy is inadequate or ineffective. Courts have consistently acknowledged that only in "extraordinary cases" will federal court have jurisdiction over habeas petitions filed by an individual convicted and sentenced in the District of Columbia and this court discerns no extraordinary circumstances. Consequently, since § 23-110 was not an inadequate or ineffective remedy to challenge the sentence of 22 years to life reimposed by the District of Columbia Superior Court in 2009, Austin's second § 2241 habeas petition filed in this district was dismissed.

In the motion for reconsideration Austin states that the issue is not whether the § 23-110 remedy is inadequate or ineffective but rather whether the actions or omissions of the § 23-110 court rendered the remedy inadequate or ineffective. This is a meaningless distinction and merely a restatement of arguments that have already been addressed by the Court. Applying the standard used when a party seeks reconsideration, the Court concludes

that Austin has not demonstrated any of the applicable grounds for reconsideration of our memorandum and order of August 17, 2015.

An appropriate order will be entered.


    /s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge

Dated: March 22, 2016